IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| PAULA B. MITCHELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 07-3020 |
| ) | |
| STATE OF ILLINOIS and SANGAMON ) | |
| COUNTY ADULT PROBATION DEPT., ) | |
| ) | |
| Respondents. ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

Paula B. Mitchell has filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. After reviewing the petition, the Court concludes that an evidentiary hearing is not warranted. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court concludes that the Petitioner is not entitled to any relief.

Paula B. Mitchell alleges that she was originally charged with two counts of felony aggravated assault and battery. She states that she thinks

1

she pled guilty to two misdemeanor counts of battery. Mitchell claims that she pled guilty only because the State had "seemingly been able to get rid of every shred of evidence that could demonstrate my innocence."

On January 23, 2006, the guilty pleas were entered in Sangamon County Court. On the same day, Mitchell was sentenced to serve two years' probation. Mitchell did not file a direct appeal of her conviction or sentence. Moreover, she did not pursue any post-conviction remedies in state court.

Mitchell states that she did not file a petition for relief in state court because she has reason to believe the State violated her rights by tampering with the audiovisual recording of her arrest. She claims, however, that she was not able to find any proof of this before the statute of limitations expired. Mitchell asserts that because the State violated a number of her constitutional rights, it would have been useless to pursue remedies in state court.

In her section 2254 petition, Mitchell appears to seek relief on four different grounds: (1) she claims she had an affirmative defense of duress

and claimed she only struggled during the arrest because the officer started grabbing her from behind without first informing her of the arrest and giving her a chance to surrender peaceably; (2) a denial of due process occurred because the arresting officers committed perjury nineteen times in the discovery docket tendered to the court; (3) a denial of due process occurred in that she has located enough information to make a strong preliminary showing that her audiovisual recording was falsified; and (4) the State's use of perjured evidence and an obviously fabricated tape was a direct assault on her affirmative defense.

Mitchell requests that the Court find that the recording used to prosecute her needs to be authenticated by a non-law enforcement entity at State expense. She also states that she seeks 47 other forms of relief, as noted in her petition.

A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254(b)(1) provides that a petition under section 2254 shall not be granted unless the Petitioner has exhausted her available state court remedies, see 28 U.S.C. § 2254(b)(1)(A); or "(B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." A habeas corpus petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

Mitchell's first and fourth grounds deal with her inability to assert an affirmative defense of duress. These alleged grounds do not concern the violation of a right under federal law, which is the only potential basis for habeas relief under section 2254(a). Even if federal rights were implicated, Mitchell's arguments would fail because she did not exhaust state remedies.

Mitchell's second and third grounds concern what she claims are violations of her due process rights. The Court concludes that Mitchell is entitled to no relief because she has not exhausted her remedies in state court. The Court is unable to find that "there is an absence of available

4

State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." See 28 U.S.C. § 2254(b)(1)(B)(i) and (ii). Mitchell claims that she did not appeal because the State of Illinois was the entity involved in violating her rights and, presumably, any appeal would therefore be futile. However, anyone filing a petition under section 2254 is in custody "pursuant to the judgment of a State court." This fact does not excuse petitioners from exhausting their state court remedies before filing a petition under section 2254.

Mitchell also claims that the issue was not raised because she was only recently able to amass enough proof that the audiovisual recording was falsified. Mitchell offers no reason why she would not have known from the outset that she was "in custody in violation of the Constitution or laws or treaties of the United States." She pled guilty to battery and did not file a direct appeal or pursue any state post-conviction remedies. Mitchell did not exhaust her state court remedies. She has not shown that there was an absence of such remedies or that those processes were ineffective to protect her rights.

5

The other 47 forms of relief that Mitchell requests need not be extensively discussed. These asserted grounds primarily involve either requests for injunctions or damages, neither of which are available forms of relief under section 2254.

Ergo, the Petitioner's petition under 28 U.S.C. § 2254 for a writ of habeas corpus [d/e 1] is DENIED.

ENTER: May 22, 2007

                FOR THE COURT:

                              s/Richard Mills
                              United States District Judge