E-FILED
Friday, 06 July, 2007 01:03:58 PM
Clerk, U.S. District Court, ILCD

FILED
JUL 0 6 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

7-4-07

Federal Dist Court

Paula B. Mitchell
1837 Saylor Ave
Springfield IL 62703

Re: Request For A Certificate of Appealability
in Case 07-3020.

Attached is a notice to the Court concerning my request for a certificate of appealability. The copy is a letter-sized reproduction of a document filed with the Court of Appeals' office in Chicago on the same day this copy is being sent by mail. If this document is more properly filed in the Springfield location (Dist. Court) rather than with the Court of Appeals, would you please log it in at your location? Thank You.

Sincerely,

Paula B. Mitchell
1837 Saylor Ave
Springfield IL 62703

7-4-07    1 pm

Notice To The Court
Re: 07-3020 Request For Certificate of Appeal

U.S. Court of Appeals                Paula L. Mitchell
219 S. Dearborn Ave                  1837 Taylor Ave
Chicago IL.                          Springfield IL. 62703

Recently I filed a Request For A Certificate of Appealability in the aforementioned case. Regrettably, I am at an impasse with regard to my intent to appeal my Habeas Corpus denial due to extenuating circumstances beyond my control. I originally filed my Hab. Corpus case because the deadline for filing was approaching and I was not entirely familiar with all the rules and requirements, etc. However, I requested concurrent verdicts for both my Hab. Corpus proceeding and my lawsuit (07-3023) because I truly believe that a review of the audiovisual recording used to convict me will provide proof of the fact that I kicked neither officer and proof of the fact that the audiovisual recording was tampered with by State Officials with the malevolent intent of incriminating me wrongfully. I specifically wanted a Habeas Corpus case open and waiting to "catch" this new evidence and clear me and it is my express belief that the court has jurisdiction over all of this subject matter so the practice of holding the Hab. Corpus case open until the new evidence can be evaluated in no way infringes upon the~~ ~~

Continued →

anyone's rights nor does it violate any policies or procedures.    2 pm

In closing my case before the audiovisual evidence could be evaluated, the court has set me upon a path destined to fail. My current appeal is predicated upon the following 2 primary concerns.

1. The court's practice of recognizing only actual innocence rather than legal innocence in Hab. Corpus proceedings is improper and particularly so when a gov't. official tampered with evidence or performed some other unethical or illegal act which caused the criminal defendant to be unable to qualify for a finding of legal innocence and immunity from punishment when but for the illegal or unethical conduct the person could have qualified for such a status.

2. The plaintiff is actually innocent and did not kick either officer but the plaintiff will not have definitive proof of that until after the audiovisual recording (AVR) has been evaluated by expert authenticators.

Since the 2 primary premises of the plaintiff's appeal can not be verified until the AVR has been reviewed by expert authenticators and this has not yet been completed this appeal and any subsequently attempted ones will ultimately fail. These are extenuating circumstances beyond the plaintiff's control.    continued →

For these reasons, it would serve no purpose for the plaintiff to correct any deficiencies in her filing and proceed at present. Plaintiff's entire appeal is predicated on evidence which has not as of yet been certified by expert review. Currently, the plaintiff's only recourse is to abort her current request for a certificate of appealability and refile it within 30 days of her receipt of a definitive written report concerning the aforementioned AVR from an expert authenticator under extenuating circumstances clauses and correct the deficiencies at that time. Plaintiff believes that correcting the deficiencies at present would only result in the wasting of her ability to ultimately appeal her wrongful conviction. Thus plaintiff at this time aborts her current request for the certificate and will reinstate it upon receipt of expert certification of her claims. Nonetheless, plaintiff appreciates the Court's having notified her of the deficiencies inherent with her filing for the certificate.

8pm.

Sincerely,

Paula B Mitchell